

Joshua R. Woodard (#015592)
Jessica A. Van Ranken (#036389)
SNELL & WILMER L.L.P.
1 E. Washington St., Suite 2700
Phoenix, Arizona 85004-2556
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: jwoodard@swlaw.com
       jvanranken@swlaw.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Perez, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>Brick & Mortar Hospitality Scottsdale LLC, d/b/a Sid's Garage Phoenix, and Idaho Limited Liability Corporation, and William Primavera, and Idaho resident, Nicole Primavera, an Idaho resident,<br><br>Defendants. | No. 2:24-cv-02919-DWL<br><br>**ANSWER TO VERIFIED COMPLAINT** |

Defendants Brick & Mortar Hospitality Scottsdale LLC, d/b/a Sid's Garage Phoenix ("Sid's Garage"), William Primavera ("Mr. Primavera"), and Nicole Primavera ("Ms. Primavera") (collectively the "Defendants") by and through undersigned counsel, for their Answer to Plaintiff Daniel Perez's ("Plaintiff") Verified Complaint, hereby admit, deny, and allege as follows:

**PRELIMINARY STATEMENT**

1. Defendants admit that Plaintiff brought this action alleging violations under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), but deny they engaged in the wrongful conduct alleged or otherwise. Defendants deny any remaining allegations in paragraph 1.

2. Defendants admit that Plaintiff brought this action alleging violations under the Arizona Minimum Wage Statute, A.R.S. § 23-264(g), but deny they engaged in the

1  wrongful conduct alleged or otherwise. Defendants deny any remaining allegations in paragraph 2.

2.  3. Defendants admit that Plaintiff seeks the relief listed in paragraph 3, but deny Plaintiff is entitled to such relief. Defendants deny any remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 but denies any remaining allegations in paragraph 5.

6. Defendants admit that venue is proper in this District but denies that they engaged in the wrongful conduct as alleged, or otherwise. Defendants deny any remaining allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

## PARTIES

9. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 9, and therefore deny the same.

10. Defendants admit the allegations in paragraph 10.

11. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

12. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

13. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

14. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

15. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

16. Defendants admit the allegations in paragraph 16.

17. Defendants admit the allegations in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

19. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

20. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

## **DEFENDANT WILLIAM PRIMAVERA**

21. Defendants admit the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants admit the allegations in paragraph 23.

24. Defendants admit the allegations in paragraph 24.

25. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

26. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

27. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

28. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

29. Defendants admit the allegations in paragraph 29.

30. Defendants admit the allegations in paragraph 30.

31. Defendants admit the allegations in paragraph 31.

32. Defendants admit the allegations in paragraph 32.

33. Defendants admit the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

1   35.   Defendants deny the allegations in paragraph 35.

2   36.   Defendants admit the allegations in paragraph 36.

3   37.   Defendants admit the allegations in paragraph 37.

4   38.   Defendants deny the allegations in paragraph 38.

5   39.   Defendants admit the allegations in paragraph 39.

6   40.   Defendants admit the allegations in paragraph 40.

7   41.   Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

## DEFENDANT NICOLE PRIMAVERA

42.   Defendants admit the allegations in paragraph 42.

43.   Defendants deny the allegations in paragraph 43.

44.   Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

45.   Defendants admit the allegations in paragraph 45.

46.   Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

47.   Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

48.   Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

49.   Defendants admit the allegations in paragraph 49.

50.   Defendants deny the allegations in paragraph 50.

51.   Defendants deny the allegations in paragraph 51.

52.   Defendants deny the allegations in paragraph 52.

53.   Defendants deny the allegations in paragraph 53.

54.   Defendants deny the allegations in paragraph 54.

55.   Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

56. Defendants admit the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

## DEFENDANT BRICK & MORTAR HOSPITALITY SCOTTSDALE LLC (DBA "SID'S GARAGE")

59. Defendants admit the allegations in paragraph 59.

60. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

61. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

62. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

63. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

64. Defendants admit that Plaintiff has filed suit against them in their individual and corporate capacities. Defendants deny that they have any liability to Plaintiff.

65. Defendants deny the allegations in paragraph 65.

## FACTUAL ALLEGATIONS

1. Defendants admit that Sid's Garage is a restaurant.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

4929-5794-5348.2

- 5 -

10.     Defendants admit the allegations in paragraph 10.

11.     Defendants deny the allegations in paragraph 11.

12.     Defendants deny the allegations in paragraph 12.

13.     Defendants deny the allegations in paragraph 13.

14.     Defendants deny the allegations in paragraph 14.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants deny the allegations in paragraph 16.

17.     Defendants deny the allegations in paragraph 17.

18.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 18, and therefore deny the same.

19.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 19, and therefore deny the same.

20.     Defendants deny the allegations in paragraph 20.

21.     Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

22.     Defendants deny the allegations in paragraph 22.

23.     Defendants deny the allegations in paragraph 23.

24.     Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

25.     Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

26.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 26, and therefore deny the same.

27.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 27, and therefore deny the same.

28.     Defendants deny the allegations in paragraph 28.

29. Defendants admit the allegations in paragraph 29. Defendants affirmatively state that Plaintiff at one point had the title of general manager but not the duties of a general manager.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33. Defendants affirmatively state that Plaintiff at one point had the title of general manager but not the duties of a general manager.

34. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 34, and therefore deny the same.

35. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 35, and therefore deny the same.

36. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 36, and therefore deny the same.

37. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 37, and therefore deny the same.

38. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 38, and therefore deny the same.

39. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 39, and therefore deny the same.

40. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 40, and therefore deny the same.

41. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 41, and therefore deny the same.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

## COUNT I
## (FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))

46. Defendants incorporate their responses to all preceding paragraphs as if fully set forth herein.

47. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

48. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

49. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

50. Defendants admit the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

## COUNT II
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

56. Defendants incorporate their responses to all preceding paragraphs as if fully set forth herein.

57. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

58. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

## COUNT III
### (FLSA RETALIATION – 29 U.S.C. § 205(a)(3))

67. Defendants incorporate their responses to all preceding paragraphs as if fully set forth herein.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

## COUNT IV
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

76. Defendants incorporate their responses to all preceding paragraphs as if fully set forth herein.

77. Plaintiff attempts to state a legal conclusion to which Defendants are not required to respond.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

## DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff requests a trial by jury. Defendants also affirmatively demand a trial by jury.

## **GENERAL DENIAL**

Defendants deny any allegations of the Complaint not expressly admitted herein.

## **DEFENSES**

Defendants assert the following defenses, some of which are affirmative defenses:

1. The Verified Complaint, in whole or in part, fails to state a claim upon which relief may be granted as a matter of fact and/or law.

2. Some or all of the claims asserted in the Verified Complaint may be barred by the doctrines of waiver, ratification, estoppel, laches, and/or unclean hands.

3. Plaintiff may have failed to comply with his legal duty to mitigate his claimed damages, his entitlement to which is expressly denied.

4. Plaintiff's claims may be barred as a result of Plaintiff's actions and representations to Defendants about the hours he worked.

5. Plaintiff may be estopped from asserting claims based on his actions and representations to Defendants about the hours he worked.

6. None of Defendants nor any employees sufficiently high in the corporate hierarchy committed any act with malice or reckless indifference to Plaintiff's rights, or approved, authorized, ratified, or had actual knowledge of any such acts.

7. To the extent Plaintiff seeks compensation for preliminary and postliminary activities, such compensation is barred by the Portal-to-Portal Act.

8. To the extent any written administrative regulation, order, ruling, approval, or interpretation of the Administrator of the U.S. Department of Labor Wage & Hour Division or any administrative practice or enforcement policy of the Administrator bars the claims of Plaintiff's, Defendants rely on such in good faith and acted in conformity therewith.

4929-5794-5348.2

9. Defendants reasonably believed that any of its acts or omissions giving rise to this action were done in good faith, without any malice or intent to injure, and Defendants had reasonable grounds to believe any such acts or omissions did not violate the FLSA or any other local, state or federal laws or regulations.

10. Defendants appropriately, completely, and fully performed any and all contractual, common law, statutory, and other duties and obligations to Plaintiff arising out of the matters alleged in the Verified Complaint. Plaintiff is therefore barred from any recovery in this action.

11. Plaintiff has not suffered any damages, and some or all of the relief sought by Plaintiff cannot be recovered without specific proof of amounts owed and/or damages.

12. Any wages purportedly owed to Plaintiff are subject to allowable deductions or set-off.

13. Some or all of the claims asserted in the Verified Complaint may be barred by the doctrine of accord and satisfaction.

14. Each cause of action is barred to the extent that Plaintiff consented to any of the alleged activity or conduct.

15. To the extent Plaintiff was not fully compensated, he failed to take advantage of the reporting process; as a result, Defendants were not aware of any additional hours worked or of any failure to pay for such additional hours worked and, therefore, no additional compensation is owed.

16. Plaintiff is not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust or arbitrary.

17. The damages claimed by Plaintiff is barred to the extent it is speculative in nature.

18. The Verified Complaint fails to state a claim for which liquidated damages may be granted.

19. Defendants did not commit any oppressive, willful, wanton, fraudulent, or malicious act or authorize or ratify any such act with respect to Plaintiff or any alleged

4929-5794-5348.2

group member, at all times acted in good faith and with reasonable grounds for believing it had complied with the FLSA, the Arizona Wage Act, or any other local, state, or federal laws or regulations, and Plaintiff has failed to plead facts sufficient to support recovery of such damages.

20. All or part of the time for which Plaintiff seeks compensation may not constitute compensable time for purposes of the FLSA.

21. At no time was Plaintiff a manager or supervisor as defined by the FLSA, making him at all times eligible to participate in a tip pool.

22. Defendants reserve the right to add additional denials, avowals, admissions, and/or affirmative defenses, pursuant to Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

a) Denying all relief sought by Plaintiff and dismissing the Verified Complaint in its entirety with prejudice;

b) Awarding Defendants their costs and disbursements associated with this action, including reasonable attorneys' fees, to the maximum extent allowing by law; and

c) Granting Defendants such other relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED this 27th day of December 2024.

SNELL & WILMER L.L.P.

By: *s/Jessica A. Van Ranken*
Joshua R. Woodard
Jessica A. Van Ranken
1 E. Washington St., Suite 2700
Phoenix, Arizona 85004-2556
*Attorneys for Defendants*

4929-5794-5348.2